UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>RONNER LUIS RINCONES-ODREMAN,<br><br>Defendant/Petitioner. | Case Nos.:  18CR5051-JLS<br>22CV2007-JLS<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and REQUIRING FURTHER RESPONSE FROM GOVERNMENT** |

Pending before the Court is Defendant Rincones-Odreman's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 107).  Plaintiff has filed a response in opposition.  Having carefully considered these filings, the record, and the relevant legal authority, the Court will deny Defendant's first claim for relief.  As to the second claim, the Court will direct Plaintiff to inform the Court whether it wishes to proceed with an evidentiary hearing or whether it elects instead to permit an appeal.

/ / /

/ / /

/ / /

1

**Background**

Defendant Ronner Luis Rincones-Odreman was charged by indictment with conspiracy to possess with intent to distribute cocaine on board a vessel in violation of 46 U.S.C. § 70506(b). ECF 1. On July 21, 2020, Defendant entered a plea agreement and pled guilty to the charge. ECF 47. The plea agreement contained the following joint recommendation regarding sentencing guideline calculations: a base offense level of 38, a 4-level enhancement for aggravated role, a 3-level departure for acceptance of responsibility, and a 2-level departure for expeditious resolution/appellate waiver. ECF 43 at 8. The plea agreement also contained a waiver of appeal and a waiver of collateral attack except for a collateral attack "on the basis that Defendant received ineffective assistance of counsel." *Id.* at 10. On July 15, 2022, Defendant was sentenced by this Court to a term of imprisonment of 168 months.

**Analysis**

In his § 2255 motion, Defendant raises two claims of ineffective assistance of counsel. First, he contends that his attorney[1] was ineffective for failing to object to the sentence enhancement applied by the Court for his leadership role in the offense. Second, Defendant contends that his attorney was ineffective for failing to file a notice of appeal after Defendant directed counsel to file an appeal.

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient, and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). Defense counsel's conduct is presumed to be reasonable. *Strickland*, 466 U.S. at 689.

---

[1] Defendant names Jeremy Delicino as the attorney in question, however several months prior to sentencing Attorney Delicino was relieved as counsel and Attorney Gary P. Burcham was appointed. ECF 80.

2

Here, with respect to his first claim of ineffective assistance of counsel, Defendant fails to establish that his counsel's actions fell below "an objective standard of reasonableness." *Id.*, at 688. In his plea agreement, Defendant admitted that he "helped plan and coordinate the storage, receipt and transportation of cocaine within Venezuela for eventual distribution to various destinations throughout the Caribbean and eventually into the United States through maritime smuggling routes" and that "[a]t times, defendant also personally invested in the cocaine smuggling ventures." ECF 43 at 3. The plea agreement contained a joint recommendation for a 4-level aggravated role enhancement pursuant to USSG § 3B1.1 (b). *Id.* at 8.

It would not have been reasonable for counsel to object to the imposition of an enhancement which was warranted by the facts and agreed to as part of the plea agreement. Indeed, as the Government points out, had defense counsel objected to the aggravated role adjustment, Defendant would have been in breach of the plea agreement and the Government would have been free to recommend a significantly higher sentence, such as the 262-month sentence recommended in the Presentence Report. Furthermore, it should be noted that defense counsel did in fact file a supplemental sentencing memorandum objecting to the extent of Defendant's involvement in the conspiracy described by the Government in its sentencing memorandum. Therefore, the Court finds no basis to conclude that defense counsel's performance with respect to aggravated role enhancement was deficient in any regard.

Defendant's second claim of ineffective assistance of counsel arises from defense counsel's failure to file an appeal after allegedly being instructed to do so by Defendant. The Ninth Circuit has recognized that a refusal to comply with specific instructions to file an appeal constitutes ineffective assistance of counsel. *United States v. Sandoval-Lopez*, 409 F.3d 1193 (2005). The Defendant need not show that he had meritorious grounds for appeal, only that his counsel failed to file a requested appeal. *Id.* at 1197. Counterintuitively, "[i]t is ineffective assistance of counsel to refuse to file a notice of

3

appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client." *Id.*

The Government contends that no evidentiary hearing is necessary to resolve Defendant's second claim because there is no credible evidence to support it. However, a similar argument was rejected in *Sandoval-Lopez* and the court held that the district court was required to hold an evidentiary hearing "to determine whether [the defendant] really did tell his lawyer to appeal and his lawyer refused though [the defendant] demanded it."[2] *Id.* at 1188. If the court determines that Defendant did not tell his lawyer to appeal and he refused to do so, Defendant is entitled to no further relief. If the contrary is established, the Court must vacate and reenter the judgment so that Defendant can file a timely notice of appeal. Alternatively, the government may choose not to oppose the petition and permit an appeal. *Id.*

Accordingly, the Court directs the United States to inform the Court, by May 26, 2023, whether it elects to proceed with an evidentiary hearing on Defendant's second claim, or whether it elects not to oppose Defendant's Section 2255 motion solely on this remaining ground, and instead permit Defendant to appeal. If the United States seeks an evidentiary hearing, the Court will appoint counsel for that limited purpose pursuant to Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts.

## Conclusion

For the reasons set forth above, the Court **Hereby Denies** Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody in part, as to his first claim for relief. Additionally, the Court **Denies** Defendant a certificate of appealability as to this claim because Defendant has not made a substantial showing that he has been denied a constitutional right.

---

[2] *Sandoval-Lopez* involved similar credibility challenges as those raised herein: Sandoval-Lopez waived his right to appeal in writing; orally reiterated his choice to waive this right in open court; and failed to identify any nonfrivolous ground for a direct appeal. 409 F.3d at 1197.

1    As to Defendant's second claim alleging ineffective assistance of counsel for failure to file an appeal, the United States is **Hereby Directed** to file a response regarding its election under *Sandoval-Lopez* by **May 26, 2023**.

IT IS SO ORDERED.

Dated: May 8, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge